# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 11-22840 |
| | : | |
| GARY L. REINERT, SR., | : | Chapter 11 |
| | : | |
| Debtor. | : | |
| _____X | : | |
| | : | |
| CAPITAL PRODUCE, INC. | : | |
| d/b/a CAPITAL SEABOARD, | : | Adversary No. 11-02465 |
| | : | |
| Movant, | : | Doc. No. 29 |
| | : | |
| v. | : | |
| | : | |
| GARY L. REINERT, SR., | : | |
| | : | |
| Respondent. | : | |
| _____X | | |

## MEMORANDUM OPINION

The matter before the Court is a *Motion for Summary Judgment* filed by plaintiff Capital Produce, Inc. d/b/a Capital Seaboard ("Capital Produce"). The matter is a core proceeding over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334(b). For the reasons set forth more fully below, Capital Produce's motion is denied.

### I.

Reinert voluntarily filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code on May 2, 2011. On September 6, 2011, Capital Produce initiated this adversary case against Respondent Gary L. Reinert, Sr. ("Reinert") by filing a *Complaint to Determine Non-Dischargeability of Debt* pursuant to 11

U.S.C. § 523(a)(4), alleging therein that Reinert's failure to maintain certain PACA trust assets constituted defalcation while acting in a fiduciary capacity. Reinert filed a *Response* on October 7, 2011, asserting that he was not individually subject to the trust provisions of PACA, was never in control of any trust assets, and is not a fiduciary for purposes of section 523(a)(4).

Capital Produce filed its *Motion for Summary Judgment* on October 30, 2012, and Reinert filed his *Response* on November 27, 2012. A hearing on the matter was held on December 4, 2012. This matter is ripe for decision.

## II.

Capital Produce is a dealer of wholesale quantities of perishable agricultural commodities in interstate commerce, subject to and licensed under the Perishable Agricultural Commodities Act ("PACA"), codified at 7 U.S.C. § 499. (See Doc. # 1, ¶ 6). Between November 30, 2007 and June 30, 2008, Capital Produce sold $62,187 worth of wholesale produce and $20,172 of non-produce items to certain Damon's restaurants owned and operated by Pris-mm, LLC ("Pris-mm"). (See Doc. # 1, ¶ 8; Doc. # 5, ¶ 8). Pris-mm accepted the goods but failed to pay Capital Produce. (See Doc. # 30, ¶ 3). On May 8, 2008, Pris-mm filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland. (See Doc. # 1, ¶ 13). Capital Produce subsequently filed a complaint seeking turnover of the amount of the goods, initiating adversary case number 09-311 within Pris-mm's bankruptcy. (See Doc. # 30, ¶ 13).

Reinert was an owner of G&R Acquisition, Inc. ("G&R"), an entity which assumed ownership and operation of the Pris-mm restaurants through Pris-mm's bankruptcy action. (See Doc. # 1, ¶ 12; Doc. # 5, ¶ 7). On August 20, 2009, Capital Produce, Pris-mm, and G&R entered into a stipulation (the "Stipulation"), whereby G&R agreed to pay to Capital Produce a settlement amount of $88,359 in satisfaction of Pris-mm's debt owed to Capital Produce, and Capital Produce withdrew its adversary complaint against Pris-mm. (See Doc. # 1, Exhibit 3).

To secure payment of the settlement amount, the parties executed a Joint Motion for Entry of Judgment, by which Capital Produce reserved the right to initiate an action against G&R and Pris-mm in the United States District Court for the District of Maryland to enforce its claim, "including the trust provisions of the PACA in the full stated principal amount of that portion of its claim, plus reasonable attorneys' fees and accrued interest, less any payments made to [Capital Produce]." (See Doc. # 1, Exhibit 3, p. 4). A final order was entered in the United States District Court for the District of Maryland (the "Consent Order"), decreeing that Capital Produce "is a valid trust beneficiary of Defendant G&R Acquisition, Inc. for a debt in the amount of $32,734.00, plus interest in the amount of $26,999.89 and attorneys' fees in the amount of $24,825.92, under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), as well as for an additional debt

in the amount of $20,172.00 that is not subject to PACA."[1]  (See Doc. # 1, Exhibit 4, p. 1).  Both the Stipulation and the Consent Order are silent as to Reinert's exercise of control over any PACA trust assets, or as to any extension of a fiduciary duty under PACA to Reinert individually.

### III.

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is mandated when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "On summary judgment the inferences to be drawn from the underlying facts contained in (the moving party's) materials must be viewed in the light most favorable to the party opposing the motion."  Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970), citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, (1962).  "The burden is on the moving party to produce credible evidence that would entitle it to a directed verdict if not controverted at trial."  Sookhoo v. Becton Dickinson & Co., 104 F. App'x 825, 827 (3d Cir. 2004), citing Pennbarr Corp. v. Insurance Co. of N. Am., 976 F.2d 145, 149-50 (3d Cir.1992).

A fact is "material" for purposes of Rule 56(c) if, under the applicable substantive law, it is "outcome determinative."  Anderson v. Liberty Lobby, 477

---

[1] The Consent Order was entered in the District Court, separate and apart from Pris-mm's bankruptcy court action.

U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).  An issue is "genuine" for such purposes if, based on the evidence presented, a reasonable jury could find in favor of the non-moving party on that issue.  Id.  Thus, to be successful on its *Motion for Summary Judgment*, Capital Produce must persuade this court that there is no genuine issue as to any material fact, and that Capital Produce is entitled to judgment as a matter of law.

### IV.

Generally, exceptions to discharge are construed narrowly against the creditor and in favor of the debtor due to the bankruptcy system's underlying concern for providing debtors a fresh start. Boston Univ. v. Mehta (In re Mehta), 310 F.3d 308, 311 (3d Cir. 2002).  To prevail on a nondischargeability claim under §523(a)(4), a plaintiff must show that: (1) debtor was acting in a fiduciary capacity; and (2) debtor committed fraud or defalcation while acting in that capacity.  Subich v. Verrone (In re Verrone), 277 B.R. 66, 71 (Bankr.W.D.Pa.2002).  Fraud or defalcation while acting in a fiduciary capacity must be proven by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 287 (1991).

Under PACA, dealers who receive perishable agricultural commodities hold them in trust for suppliers until they are paid, and such trust extends not only to perishable agricultural commodities, but also to, among other things, accounts receivable or proceeds from the sale of the commodities and of food products derived therefrom.  See Consumers Produce Co., Inc. v. Masdea (In re Masdea), 307 B.R. 466, 474 (Bankr. W.D. Pa. 2004), citing Consumers Produce

Co., Inc. v. Volante Wholesale Produce, Inc., 16 F.3d 1374, 1377-78 (3d Cir. 1994); 7 U.S.C. § 499a.  The terms of PACA specifically state,

> "[P]erishable agricultural commodities received by a ... dealer ... and any receivables or proceeds derived from the sale of such commodities ... shall be held by such ... dealer ... in trust for the benefit of all unpaid suppliers or sellers of such commodities ... until full payment of the sums owed in connection with such transaction has been received by such unpaid suppliers [or] sellers."

7 U.S.C. § 499e(c)(2).  Under this provision, the purchaser of the produce is the trustee of the trust.  In re Masdea, 307 B.R. at 473-474, citing Consumers Produce, 16 F.3d at 1381.

The Honorable Bernard Markovitz held in In re Masdea that "[a] trust arising under PACA is of the type required for § 523(a)(4) of the Bankruptcy Code to be operative."  In re Masdea, 307 B.R. at 474, citing N.P. Deoudes, Inc. v. Snyder (Matter of Snyder), 184 B.R. 473, 475 (D.Md. 1995).  This Court agrees.  However, while G&R consented to becoming a PACA trustee for the benefit of Capital Produce pursuant to the Consent Order, Reinert was not a signatory to the Stipulation, and thus did not individually consent to be bound by the PACA trust provisions. (See Doc. # 1, Exhibit 3; Doc. # 30, ¶ 11(A)).  Thus, the question before the Court is whether Reinert can be individually liable under PACA for G&R's failure to adhere to the Stipulation and Order.

An individual corporate officer can be held liable for breaching his or her fiduciary duty to protect PACA trust assets under certain circumstances.  Weis-Buy Services, Inc. v. Paglia, 411 F.3d 415, 421 (3d. Cir. 2005).  "Individual liability in the PACA context is not derived from the statutory language, but

-6-

from common law breach of trust principles." Weis-Buy Services, Inc. v. Paglia, 411 F.3d 415, 421 (3d Cir. 2005), citing Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997). In order to find that Reinert is individually liable for the PACA debt, Capital Produce must prove that Reinert "had the authority to direct the control of (i.e., manage) PACA assets held in trust for the producers." Bear Mountain Orchards, Inc. v. Mich-Kim, Inc., 623 F.3d 163, 169 (3d Cir. 2010). See also Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act."). If Capital Produce can prove that Reinert had control over the PACA trust assets, and that Reinert failed to preserve said assets, Reinert would be "secondarily liable for breaching the duty to preserve the PACA trust." Bear Mountain Orchards, 623 F.3d at 169.

The Bear Mountain Orchards court set forth a two-part test to determine whether an individual has the requisite amount of control over PACA trust assets, which "calls on courts to: 1) determine whether an individual holds a position that suggests a possible fiduciary duty to preserve the PACA trust assets (*e.g.*, officer, director, and/or controlling shareholder); and 2) assess whether that individual's involvement with the corporation establishes that she was *actually* able to control the PACA trust assets at issue." Id. (emphasis in original). Applying this test to the instant case, this Court finds that Reinert's

involvement with G&R supports the inference of a fiduciary relationship, but that his actual ability to control PACA trust assets remains in dispute.

Reinert's role as owner, President, and sole shareholder of G&R clearly suggests a possible fiduciary duty to preserve any PACA trust assets. (See Doc. # 29, Attachment 3, ¶ 10). However, Reinert disputes whether he ever had any actual control over the PACA assets provided to Pris-mm by Capital Produce. (See Doc. # 5, ¶¶ 10, 21, 22; Doc. # 30, ¶ 11 (D)). Additionally, Reinert argues that "any trust res was dissipated prior to ... [G&R's] involvement." (See Doc. # 30, p. 5). Whether Reinert had control over any PACA trust assets is a factual inquiry to be determined on a case-by-case basis at trial. See Bear Mountain Orchards, 623 F.3d at 169 ("The test for individual liability [under PACA] thus continues un-brightlined, as each case depends on facts found by the trier at trial.").

As stated above, both the Stipulation and the Consent Order are silent as to Reinert's exercise of control over any PACA trust assets. (See Doc. # 1, Exhibit 4). As such, this matter has not been decided by the Consent Order. When the Court inquired about the existence of any evidence regarding this issue at the hearing held on December 4, 2012, counsel for Capital Produce responded, "It's not our burden to trace the assets and find out what happened to them." (See Audio Recording of Hearing Held in Courtroom D, December 4, 2012 (10:41 AM)). However, Capital Produce bears the burden of production and persuasion for its *Motion for Summary Judgment*. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 327–28, 106 S.Ct. 2548, 2554-55, 91

L.Ed.2d 265 (1986) (party moving for summary judgment bears initial burden of showing absence of genuine issue of material fact); Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991) (creditor is required to prove discharge exceptions under section 523(a) by a preponderance of the evidence). Thus, Capital Produce bears the burden of proving that Reinert was in a position of control of the trust assets, and was therefore acting in a fiduciary capacity for purposes of 11 U.S.C. § 523(a)(4).

Capital Produce has not presented this Court with any evidence that Reinert had actual control over any PACA trust assets. Furthermore, Capital Produce has not produced any evidence that Reinert actually dissipated any trust assets or allowed any trust assets to be dissipated to the detriment of Capital Produce. Therefore, this Court finds that Capital Produce has failed to meet its burden for summary judgment.

**V.**

Summary judgment in favor of Capital Produce cannot be entered at this time, because there remains a material dispute as to whether Reinert had the authority to direct the control of the PACA assets held in trust for the Capital Produce, and thus whether Reinert was acting in a fiduciary capacity for purposes of section 523(a)(4). The Plaintiff's *Motion for Summary Judgment* is denied. An appropriate order shall be issued herewith.

**Date**: 12/26/12          /s/ Jeffery A. Deller
                            **JEFFERY A. DELLER**
                            United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
    Kate Ellis, Esq.
    Kirk B. Buckley, Esq.
    Donald R. Calaiaro, Esq.
    Office of the U.S. Trustee